IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jabyron Richardson, ) | |
| ) | Civil Action No. 8:08-1901-GRA-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Ms. FNU Davis, ) | |
| ) | |
| Defendant. ) | |

The plaintiff, formerly a state prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983.[1]  The matter is before the Court on the defendant's motion for summary judgment.  (Dkt. # 17.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on May 8, 2008, seeking damages for alleged civil rights violations.[2]  On August 14, 2008, the defendant Davis filed a motion for summary judgment.  (Dkt. # 17.)  By order filed August 15, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  (Dkt. # 18.)  On September 12, 2008, the plaintiff filed a response opposing the defendant's summary judgment motion.  (Dkt. # 21.)

---

[1] It appears the plaintiff was recently released from the custody of the South Carolina Department of Corrections.  (*See* Dkt. #19 - Change of Address.)

[2] This is the date the envelope was stamped as having been received by the prison mailroom.  *Houston v. Lack*, 487 U.S. 266 (1988)(holding document considered filed upon delivery to prison officials for forwarding to court).  (Pet. Attach.)

## **FACTS**

When this complaint was filed the plaintiff was a state prisoner incarcerated in the Ridgeland Correctional Institution ("RCI"). The plaintiff alleges the defendant was deliberately indifferent to his medical needs. Specifically, the plaintiff alleges the defendant refused to clean his tracheostomy causing him to suffer throat infections and pain. (Compl. at 3.) The plaintiff is seeking a declaration that his constitutional rights have been violated. (Compl. at 4.) He is also seeking $300,000 in compensatory damages and $250,000 in punitive damages. (*Id.*)

## **APPLICABLE LAW**

Rule 56 of the Federal Rules of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

2

U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

In his complaint, the plaintiff alleges the defendant was deliberately indifferent to his medical needs. The defendant contends she is entitled to summary judgment because, *inter alia*, the plaintiff failed to exhaust his administrative remedies and has failed to establish she was deliberately indifferent to the plaintiff's medical needs. The undersigned agrees.

**Exhaustion**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a §1983 action concerning his confinement. 42 U.S.C.A. §1997(e) states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Porter v. Nussle,* 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. In *Woodford v. Ngo*, ___ U.S. ___, 126 S. Ct. 2378, 2386, 165 L.Ed.2d 268 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires proper exhaustion. The Court stated that "[a]dministrative

3

law requires proper exhaustion of administrative remedies which means using all steps that the agency holds out, and doing so properly." Id. (Internal quotations and citations omitted). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. *Id.*

The purpose of the exhaustion requirement is twofold.  First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is hauled into federal court." *Woodford,* 126 S.Ct. at 2385 (*quoting McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).  Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.*  Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.

The plaintiff has failed to offer any evidence that he exhausted his claims prior to filing this action.   Accordingly, the plaintiff's action is barred and should be dismissed for failure to exhaust his administrative remedies.  Alternatively, the plaintiff's claims should be dismissed on the merits as discussed below.

**Merits**

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration."  *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service.  *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  *Id.* at 105.  Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended.  *Id.* at 104.

Deliberate indifference is a very high standard.  In *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990), the Fourth Circuit Court of Appeals noted that treatment "must be so grossly

incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment."  Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail.  *Estelle*, 429 U.S. 104; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986).  "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F.Supp. 1025, 1037 (E.D.Va. 1995) (*quoting Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987)).

In response to the defendant's summary judgment motion, the plaintiff alleges the medical records show that he has suffered from an infection and the defendants did not have the proper supplies for him because the wrong size tubing was ordered on one occasion.  (Pl.'s Mem. Opp. Summ. J. Mot. at 1.)   The plaintiff argues that the medical records in their entirety support his claims.  The undersigned disagrees.

The medical records do not support the plaintiff's allegations.  There are numerous entries showing that the plaintiff was provided with the proper supplies and allowed to visit medical for self-care of his tracheostomy.  (Def.'s Mem. Supp. Summ. J. Mot. Attach. # 3 - Pl.'s Med.  Records.)  Further, the medical records show that the plaintiff was referred to Sumter ENT for tracheostomy replacement on April 14, 2008.  (*Id.* at 30.)  There appears to have been one instance in November 2007, when the plaintiff requested that his tracheostomy be suctioned.  (*Id.* at 17.)  The nurse listened to his cough and determined it was non-productive.  She also noted that there were no raspy sounds when the plaintiff breathed and he appeared to be breathing normally.  (*Id.*)  It was noted the next day that

5

there were no further calls regarding the plaintiff.  (*Id.*)  Finally, there was an entry dated June 23, 2008, when the plaintiff complained of a small amount of blood on the insert.  (Def.'s Mem. Supp. Summ. J. Mot. Attach. # 3 - Pl.'s Med. Records at 3.)[3]  The plaintiff was examined and a small amount of yellowish phlegm was noted, but no active bleeding.  The doctor prescribed an antibiotic.  (*Id.*)

As for not having the proper supplies, the defendant acknowledges that on one occasion, the wrong size tubing was received and the correct size had to be re-ordered.  (Def.'s Mem. Supp. Summ. J. Mot. Attach #2 - Janine Davis Aff. at 2.)   However, it is undisputed that the plaintiff's tracheostomy was replaced on April 14, 2008, prior to his filing this action.  (Def.'s Mem. Supp. Summ. J. Mot. Attach. # 3 - Pl.'s Med. Records at 10; 30.)

Liberally construing the compliant, at best, the plaintiff has alleged that there was a delay in the replacement of the tracheostomy.  "[A]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed."  *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir.1994).   As stated above, a medical need is serious if a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'"  *Coppage v. Mann*, 906 F.Supp. at 1037.  The plaintiff has failed to allege how any such delay in his treatment has caused him a life-long handicap or permanent loss.  Accordingly, the plaintiff has failed to state a claim of medical indifference against the defendant and her motion for summary judgment should be granted.

## **CONCLUSION**

---

[3]The undersigned notes this instance was after the plaintiff filed this action on May 8, 2008.

6

Wherefore, it is RECOMMENDED that the Defendant's Motion for Summary Judgment (Dkt. #17) be GRANTED; and the complaint dismissed with prejudice.

IT IS SO RECOMMENDED.

BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

December 2, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**